IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-399 |
| | : | |
| v. | : | |
| | : | |
| BYRON CHAMBERLAIN | : | |

MEMORANDUM AND ORDER

PRATTER, DISTRICT JUDGE                                                                                          MAY 30, 2006

## I.   INTRODUCTION

Byron Chamberlain is charged with a violation of 18 U.S.C. § 922(g)(1), namely, being a convicted felon in possession of a firearm. Mr. Chamberlain has three prior drug trafficking convictions, and there is no dispute that his release from imprisonment on all three drug convictions occurred less than ten years ago. Mr. Chamberlain's jury trial is scheduled to commence on June 8, 2006. The defense has filed a motion *in limine* to preclude introduction at trial of evidence of Mr. Chamberlain's prior convictions pursuant to Federal Rule of Evidence 609. The Government opposes the motion but states that it intends only to use evidence of Mr. Chamberlain's criminal convictions record to cross-examine defense character witnesses, if any, and/or to use evidence of one of the prior drug trafficking convictions for cross-examination purposes in the event Mr. Chamberlain testifies.

In light of the nature of the charges to be tried, the Government's proposed limited use for such evidence and the results of weighing the four factors delineated by the Third Circuit Court of Appeals for evaluating such proposed evidence under Rule 609, the Court denies the Motion

*In Limine* and will permit introduction at trial of the evidence of Mr. Chamberlain's prior drug conviction(s) under the conditions set forth in this Memorandum and the accompanying Order.

## II.     DISCUSSION

Federal Rule of Evidence 609(a)(1) provides, in relevant part, that:

> For the purpose of attacking the credibility of a witness, . . . evidence that an accused has been convicted of a [felony] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

FED. R. EVID. 609(a)(1). Our Court of Appeals has held that "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" Walden v. Georgia Pacific Corp., 126 F.3d 506, 523 (3d Cir. 1997) (citation omitted). Thus, "Rule 609 evidence is admitted to inform the jury about the character of witnesses whose testimony the jury is asked to believe." Id. (citation omitted). A defendant who elects to testify at trial places his or her credibility directly at issue. United States v. Murphy, No. 05-1501, 2006 U.S. App. LEXIS 7827, at *5 (3d Cir. Mar. 30, 2006); United States v. Beros, 833 F.2d 455, 463-64 (3d Cir. 1987). Indeed, the Court of Appeals has reiterated that it has "held that 'there is no question that, given a proper purpose, [such as impeachment under Rule 609(a)(1)], drug convictions are admissible [even] in a trial where the defendant is charged with a drug offense.'" Murphy, 2006 U.S. App. LEXIS 7827, at *5 (citation omitted). Accordingly, the Court commences consideration of Mr. Chamberlain's motion with the recognition that case law "firmly establishes that it is proper to admit evidence of the type of felony involved in a prior conviction used for impeachment under FED. R. EVID. 609(a)(1)." United States v. Jacobs, 44 F.3d 1219, 1224 n.6 (3d Cir. 1995).

Admissibility is by no means a foregone conclusion however.  The Court of Appeals has enumerated four factors that the trial court should weigh in making a Rule 609(a)(1) determination: (1) the kind of crime involved; (2) when the prior conviction occurred; (3) the importance of the witness' testimony; and (4) the importance of the defendant's credibility.  Gov't of the Virgin Islands v. Bedford, 671 F.2d 758, 761 n.4 (3d Cir. 1982).  Here, Mr. Chamberlain has three prior convictions from 1994 for possession with intent to deliver a controlled substance.[1]  As the cases cited above hold, it is appropriate to view a drug distribution conviction as probative of Mr. Chamberlain's credibility.  Indeed, the probative value of earlier drug convictions has been found to be sufficient in the face of countervailing potential prejudice, even if the defendant is on trial for narcotics charges.  See e.g., United States v. Cordoba, 104 F.3d 225, 229 (9th Cir. 1997); United States v. Borrome, No. 97-224, 1997 WL 786436, at *3 (E.D. Pa. Dec. 3, 1997), aff'd, 166 F.3d 1206 (3d Cir. 1998).

In terms of the timing of the convictions, each emanates from 1994, when Mr. Chamberlain was already an adult.  The crime for which he has been indicted here allegedly arises out of events occurring in the fall of 2004, by which time he had been out of prison for at least three, but no more than ten, years.  The prior convictions cannot be explained away as occurring during the defendant's aimless or otherwise misspent youth.  Presumably, Mr. Chamberlain is fully aware that any one of these prior convictions represents, in and of itself, one of the requisite elements to be proved here in the Government's efforts to convict him of the

---

[1] The Government has represented that if the Defendant chooses to testify, only one of these drug convictions will be used in order to try to impeach the Defendant.  It appears that the Government intends to use all three drug convictions in the cross examination of character witnesses, if any.

violation of 18 U.S.C. § 922(g)(1) as to which the length of time between the earlier felony conviction and the current charges are of no moment.

With respect to the factors that focus on qualitative considerations, if Mr. Chamberlain testifies at trial, his testimony – like that of all defendants who make this decidedly serious and fundamental voluntary choice – will be important, and his credibility instantly will become a central issue at trial. What Defendant Chamberlain has to say in the face of what the police officers to be called by the Government will testify is certain to capture the attention of the jury, and the jury deserves to have as complete a picture of the believability of the Defendant as can be gained under the circumstances. See e.g., United States v. Rosato, No. 98-343, 1999 WL 58577, at *3 (E.D. Pa. Jan. 26, 1999). Those circumstances quite properly include evidence of one of Mr. Chamberlain's prior felony drug convictions, lest the jury be under the wholly erroneous impression that Mr. Chamberlain's credibility is unassailable by any recognized undermining element such as an earlier felony conviction.

The Court is not unmindful that Mr. Chamberlain is concerned that the potential prejudice to him will be great if evidence of even one of his prior convictions is disclosed at trial. Nothing uniquely inflammatory or unduly prejudicial about any of the 1994 drug convictions, however, has been brought to the Court's attention. Prejudice sufficient to override the legitimacy of using such evidence to impeach a testifying defendant or to shed contextual light on the character evidence proposed to be offered by third party witnesses must be something demonstrably more than the understandable discomfiture a defendant experiences with the concept of the jury knowing this kind of background detail about the defendant's past. The Court also finds the defense argument of prejudice unpersuasive here inasmuch as one way or another

(i.e., by stipulation as is common in trials where the issue is a felon-in-possession charge or otherwise) the jury will have the basic information the Defendant's prior conviction.  <u>Murphy</u>, 2006 U.S. App. LEXIS 7827, at *9-10.

In order to guard against what would be legally recognized as prejudicial, i.e., the jury's substantive use of the prior conviction for some purpose other than to evaluate Mr. Chamberlain's credibility or to put a character witness's testimony into a more fulsome context as permitted by Federal Rule of Evidence 405(a), the Court will, if requested by the defense, instruct the jury, both in advance of the introduction of the evidence and in the final charge, as to the limited permitted use of such evidence.[2]

## III.   CONCLUSION

For all the foregoing reasons, the Court finds that, if Mr. Chamberlain testifies, the Government may introduce in cross-examination the fact, date and specific nature of one of Mr. Chamberlain's prior drug trafficking convictions, and if one or more character witnesses are called by the defense to testify, the Government may introduce evidence of the prior convictions to impeach such witnesses.  An appropriate Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[2] Juries are expected and presumed to adhere to such instructions.  <u>Shannon v. United States</u>, 512 U.S. 573, 585 (1994); <u>United States v. Edmonds</u>, 80 F.3d 810, 825 (3d Cir. 1996).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 05-399 |
| | : | |
| **v.** | : | |
| | : | |
| **BYRON CHAMBERLAIN** | : | |

## ORDER

AND NOW, this 30th day of May, 2006, upon consideration of Defendant Byron Chamberlain's Motion to *In Limine* to Preclude Evidence of Prior Convictions (Docket No. 29), and the Government's Response thereto (Docket No. 33), it is here by ORDERED that the Motion is DENIED to the extent that, if Defendant Chamberlain testifies, the Government may introduce in cross-examination the fact, date and specific nature of one of Defendant Chamberlain's prior drug trafficking convictions, and if one or more character witnesses are called by the defense to testify, the Government may introduce evidence of the prior convictions to impeach such witnesses. If Defendant Chamberlain so requests, the Court will instruct the jury, both in advance of the introduction of the evidence and in the final charge, as to the limited permitted use of such evidence.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge